**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1290**

_____

NANCY YOUNG FERGUSON,

        Plaintiff - Appellant,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Frank D. Whitney, Senior District Judge.  (1:23-cv-00081-FDW-SCR)

_____

Submitted:  July 25, 2025                       Decided:  September 16, 2025

_____

Before WILKINSON, GREGORY, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Carol Goins, Asheville, North Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, David E. Somers, III, Dena J. King, United States Attorney, Andrew R. De Holl, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy Young Ferguson appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Ferguson's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Ferguson's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. And contrary to Ferguson's contention on appeal, the recent amendment of 20 C.F.R. § 404.1560(b)(1) (2024) does not necessitate remand in this case. *See* Intermediate Improvement to the Disability Adjudication Process, 89 Fed. Reg. 48,138-01, 48,138 (June 5, 2024).

2

Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Ferguson v. Comm'r of Soc. Sec.*, No. 1:23-cv-00081-FDW-SCR (W.D.N.C. Feb. 7, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*